IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNIQUE ALLAH, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 15-267 Erie |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Susan Paradise Baxter |
| M. RECHTENWALD, | ) | |
| Respondent. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus filed by the Petitioner, Unique Allah (also known as Jeffrey Lewis Staton), be dismissed because he failed to exhaust his available administrative remedies.

## II. REPORT

In his petition for a writ of habeas corpus [ECF No. 4], which he filed pursuant to 28 U.S.C. § 2241, the Petitioner contends that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329 (1992), erred in computing his federal sentence. Specifically, he claims that he is entitled to sentencing credit for the time he spent in official detention from April 23, 2014 to March 3, 2015 (the date his federal sentence was imposed). His projected release date is currently set at November 28, 2016, but he contends he should have been released in March 2016. In the answer [ECF No. 14], the Respondent contends that the Court should dismiss the petition because the Petitioner did not exhaust his available administrative remedies. The Petitioner did not file a reply to

1

counter the Respondent's argument. See LCvR 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider the Petitioner's claim that the BOP erred in computing his sentence.

### B. Discussion

In order to obtain federal habeas relief under 28 U.S.C. § 2241, a federal prisoner must have first exhausted the BOP's administrative remedies. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. See, e.g., Moscato, 98 F.3d at 761-62.

The administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within fifteen days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he or she may file a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. 28 C.F.R. § 542.15. Appeal to the Office of General Counsel is the final administrative appeal in the BOP.

The Petitioner concedes that he did not exhaust his administrative remedies.[1] (Petition, ECF No. 4, at 3, 7). He argues that he should be excused from the exhaustion requirement because it would be futile to pursue his administrative remedies. This argument has no merit because this is not the type of case where waiver of the exhaustion requirement is available. A habeas court may excuse a federal prisoner's failure to pursue his administrative remedies in the limited circumstance when it is shown that his efforts to exhaust would be "futile" and the goals of the exhaustion doctrine would not be promoted. See, e.g., Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005); Vasquez, 684 F.3d at 433-34 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). For example, in Woodall, a

---

[1] Petitioner challenged the BOP's sentence calculation through only the local and Regional levels of the administrative remedy process. (Resp's Ex. 1b, ECF No. 14-3 at 1-6). His Regional Administrative Remedy Appeal was denied on October 19, 2015 and, therefore, he had until on or around November 18, 2015, to appeal that decision to the BOP's General Counsel. Petitioner claims he did not receive the Regional Director's response. As the Respondents point out, assuming for the sake of argument that that is true, the Petitioner would have been allowed to consider the absence of a Regional response as a denial, and under this hypothetical scenario, he would have had 30 days from November 18, 2015 (that is, until December 19, 2015), to submit his appeal to the General Counsel. 28 C.F.R. §§ 542.15 and 542.18. Instead, he submitted for filing with this Court his habeas petition on or around November 1, 2015 (the date he contends he placed his petition in the prison mailing system) and expressly asked the Court to excuse the exhaustion requirement on futility grounds.

federal prisoner challenged the validity of BOP regulations that limited an inmate's placement in a halfway house to the lesser of ten percent of the inmate's total sentence or six months (28 C.F.R. §§ 570.20-21 (2005)). He did not exhaust his administrative remedies, but argued that he was not required to do so because exhaustion would be futile. The district court agreed, stating: "[E]xhaustion of administrative remedies is not required where exhaustion would not promote" the goals of the doctrine. Woodall v. Federal Bureau of Prisons, No. 05-1542, 2005 WL 1705777 * 6 (D.N.J. July 20, 2005) (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) and Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)). It concluded:

> Here, it does not appear that there is any need to develop a factual record. Nor does this matter require application of the agency's particular expertise. Woodall does not challenge the application of the BOP's ten-percent rule to him, but challenges whether the ten-percent rule legally implements the statute pursuant to which it was promulgated. This is a question within the expertise of courts [under Chevron]. Accordingly, the purposes of the exhaustion requirement would not be served by requiring Woodall to exhaust his administrative remedies.

Id. The United States Court of Appeals for the Third Circuit subsequently affirmed the district court's resolution of the issue. Woodall, 432 F.3d at 239 n.2. It held that because "the purposes of exhaustion would not be served here by requiring Woodall to exhaust his administrative remedies[,]" he was excused from the requirement. Id.

Unlike the federal prisoner in Woodall, the Petitioner in this case is not challenging the legality of BOP regulations. Nor is he presenting an issue of statutory construction. Rather, he is challenging the BOP's application to him of the regulations and policies it applies to implement the federal sentencing statutes (18 U.S.C. § 3584(a), § 3585).[2] (See Resp's Ex. 2, ECF No. 14-5, Declaration of Alan Ray, ¶¶ 10-16). Thus, this case does not present the type of legal issue that is within the expertise of a federal

---

2   The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual.

4

court but not the BOP's. And, in contrast to Woodall, where exhaustion was futile because the court could confidently predict that the petitioner would not receive relief through the administrative process since the BOP was not going to deviate from its regulations, this Court cannot with certainty predict how the BOP's General Counsel's Office would have ruled on the Petitioner's administrative appeal if he had filed one challenging the decisions at issue in this case. The Petitioner's belief that he would not have received the relief he now seeks in his petition through the BOP's administrative review process does not excuse him from the exhaustion requirement. Vasquez, 684 F.3d at 434 (district court properly dismissed the federal prisoner's § 2241 petition because he did not exhaust administrative remedies); Garcia v. United States, 518 F.App'x 78, 79 (3d Cir. 2013) ("Here, Garcia argued that his failure to exhaust should be excused … [e]ssentially, he argued that because his request for RRC placement would be denied no matter what, there was no point in making it in the first place. We agree with the District Court that Garcia merely sought to 'bypass the administrative process entirely and purposely in anticipation of yet-to-be made but preconceived notion of his RRC determination.' That is not a reason to excuse the firm requirement of exhaustion."); Wilson v. Strada, 474 F.App'x 46, 48 (3d Cir. 2012) ("Contrary to [the petitioner's] assertion in the proceedings below, he was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative. Exhaustion was required in his case, and Wilson's habeas corpus petition properly was dismissed for failure to exhaust administrative remedies.").

The Petitioner also argues that the exhaustion requirement should be excused because the administrative remedy process could not be completed prior to the alleged "correct out date" of March 2016. (Petition, ECF No. 4 at 8-9). This argument also must be rejected. A federal prisoner is not permitted to skip the exhaustion requirement and pursue relief in federal court under such circumstances. See, e.g., Romero v. Meeks, No. 14-11, 2014 WL 4796579, *5 (W.D. Pa. Sept. 26, 2014)

5

(quoting Amirnazmi v. Scism, No. 3:11-cv-273, 2011 WL 5854579, *6-7 (M.D. Pa. Nov. 21, 2011) ("Petitioner's argument that exhaustion would be futile or cause irreparable injury also fails. Courts in this District have repeatedly held that exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates that he will be unsuccessful in his administrative appeals before" the date he believes he should be released) (citations and internal quotations omitted)); Ross v. Martinez, No. 09-cv-1170, 2009 WL 4573686, *3 (M.D. Pa. Dec. 1, 2009) (same). Once again, the Petitioner's belief that the administrative remedy process would not result in a favorable outcome does not excuse him from the exhaustion requirement, no matter how close he is to what he alleges is his proper release date, because the BOP must be permitted to review his complaint through one complete round of the administrative review process before the federal court considers it. Garcia, 518 F.App'x at 79.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed because the Petitioner failed to exhaust his administrative remedies.[3]

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: August 19, 2016
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, — U.S. — ,132 S.Ct. 641 (2012). As such, this Court makes no certificate of appealability determination in this matter.

cc: The Honorable Barbara Rothstein
United States District Judge